UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SONIA FREEMAN,<br><br>            Plaintiff,<br><br>       v.<br><br>SOUTHERN COMPANY GAS,<br><br>            Defendant. | CIVIL ACTION NO.<br>1:21-CV-4294-JPB |

# ORDER

This matter comes before the Court on Southern Company Gas's ("Defendant") Motion to Dismiss Sonia Freeman's ("Plaintiff") First Amended Complaint [Doc. 13].  This Court finds as follows:

## BACKGROUND

Plaintiff is a former employee of Defendant's.  When she was an employee, Plaintiff received short-term disability benefits from August 8, 2019, to November 20, 2019.[1]  [Doc. 10, p. 2].  On December 27, 2019, Plaintiff received a letter from

---

[1] The parties agree that Defendant's short-term disability benefits program is a "payroll practices plan."  Such plans are not covered by the Employee Retirement Income Security Act ("ERISA").  See Stern v. Int'l Bus. Machines Corp., 326 F.3d 1367, 1374 (11th Cir. 2003) ("Where . . . an employer pays an employee's normal compensation for periods of mental or physical disability entirely from its general assets, the program constitutes an exempted payroll practice under 29 C.F.R. § 2510.3–1(b) and not an ERISA plan.").

the Reed Group, the third-party administrator of Defendant's short-term disability program, informing her that she would not receive disability benefits after November 21, 2019, because the disability definition was not met.  Id.  That letter stated that Plaintiff had appeal rights, which were detailed in an attachment.  Id. at 3.  The attached appeal rights contained one sentence directing Plaintiff to contact her human resources representative with any questions.  Id.

On January 17, 2020, Plaintiff, through counsel, requested from Defendant her claims file and a copy of the Summary Plan Description ("SPD").  Id. at 3.  Plaintiff received a letter from Defendant on January 29, 2020, stating that the short-term disability program was not an ERISA plan and was therefore not subject to disclosure absent a subpoena.  Id.  According to Plaintiff, the letter purported to enclose a copy of the SPD for Defendant's long-term disability plan, which *is* subject to ERISA.  Id.  However, Plaintiff contends that no SPD was enclosed with the letter.  Id.

On February 6, 2020, Plaintiff received another letter from Defendant informing her that her medical, dental, long-term disability and contributing life insurance would end on February 29, 2020.  Id. at 4.  Plaintiff underwent a functional capacity evaluation on February 12, 2020, which found her to be at

below-sedentary capacity; Plaintiff's doctor subsequently agreed with this finding. Id.

On March 11, 2020, Plaintiff appealed the denial of short-term disability benefits by sending a letter to Defendant, the Reed Group and Metropolitan Life Insurance Company ("Metropolitan Life"), Defendant's long-term disability carrier, in which she enclosed the functional capacity evaluation results and her doctor's opinion. Id. at 4–5. In that letter, Plaintiff contended that the December 27, 2019 letter did not contain a sufficient explanation of her appeal rights.[2] Id. at 5. Plaintiff also requested an application for long-term disability benefits. Id.

Plaintiff submitted additional medical records to Defendant and the Reed Group on March 19, 2020. Id. On April 6, 2020, Plaintiff received a letter from Defendant informing her that because she had not returned to work, her employment was terminated as of February 4, 2020, and that "as such she is no longer eligible for company benefits." Id. at 6. Plaintiff sent Defendant a letter on April 21, 2020, expressing her confusion about the April 6, 2020 letter and reiterating her request for the long-term disability application. Id. Plaintiff sent an additional letter to the Reed Group on July 31, 2020, requesting both an application

---

[2] Plaintiff alleges that she contacted her human resources representative but received no further information about appealing the decision. [Doc. 10, p. 5].

for long-term disability benefits and a response to her appeal of the denial of short-term disability benefits.  Id.

On July 12, 2021, Plaintiff informed Defendant and the Reed Group that she had been diagnosed with insulin-resistant diabetes, atrial fibrillation and diastolic dysfunction, along with a possible diagnosis of rheumatoid arthritis.  Id.  She explained that she experienced symptoms from these conditions while employed for Defendant and again requested an application for long-term disability benefits.  Id. at 7.  Plaintiff also noted that she never received the plan for short-term disability benefits.  Id.  Plaintiff sent Defendant and the Reed Group additional medical records and reiterated her request for the long-term disability application on August 11, 2021; August 30, 2021; and September 2, 2021.  Id. at 7–8.  Defendant responded on September 14, 2021, and informed Plaintiff that her participation in the long-term disability plan ended on January 31, 2020.[3]  Id. at 8.

---

[3] The Court notes that the timeline of events in Plaintiff's case is somewhat unclear.  As a preliminary matter, Plaintiff does not allege the start date of her employment. Nonetheless, according to the Amended Complaint, Plaintiff received short-term disability benefits from August 8, 2019, until November 20, 2019.  [Doc. 10, p. 2]. Plaintiff first states that her long-term disability insurance ended on February 29, 2020. Id. at 4.  She then alleges that her employment ended on February 4, 2020, and as of that date "she [was] no longer eligible for company benefits."  Id. at 6.  But Plaintiff later notes that according to Defendant, her participation in the long-term disability plan ended even earlier, on January 31, 2020.  Id. at 8.  For the purposes of resolving the instant Motion, though, the Court need not reconcile this confusing timeline.

Defendant did not enclose the short-term disability plan or an application for long-term disability benefits.  Id.  However, Defendant provided a copy of the long-term disability insurance policy issued by Metropolitan Life.  Id.

On October 14, 2021, Plaintiff filed this action for short-term disability benefits under Georgia law and long-term disability benefits under ERISA.[4]  [Doc. 1].  She filed an Amended Complaint on December 7, 2021.  [Doc. 10].  Plaintiff alleges that Defendant failed to inform Metropolitan Life of her claim for long-term disability; that Defendant terminated her employment to interfere with her long-term and short-term disability benefits; and that she is entitled to long-term disability benefits, and thus to ERISA protections, because she participated in the plan during her period of employment.  Id. at 8–9.  In the Amended Complaint, Plaintiff brings three claims against Defendant:  count one, breach of contract under Georgia law for short-term disability benefits; count two, claim for long-term disability benefits under ERISA; and count three, claim for wrongful termination under ERISA's "catch-all" provision.[5]  Defendant moved to dismiss this action on December 20, 2021.  [Doc. 13].

---

[4] Plaintiff originally named Metropolitan Life as a defendant in this case, but on November 1, 2021, Plaintiff filed a voluntary dismissal of claims against Metropolitan Life.  [Doc. 4].

[5] The Amended Complaint contains no citations to any specific provision or provisions of ERISA under which Plaintiff purports to bring her claims.

5

## ANALYSIS

**A.      Legal Standard**

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). As to the sufficiency of a complaint, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

Below, the Court will analyze Plaintiff's federal claims before addressing her claim under Georgia law.

**B.      ERISA Claims**

Plaintiff alleges that Defendant breached its fiduciary duties under ERISA by (1) failing to alert Metropolitan Life that Plaintiff had a claim for long-term

disability benefits and (2) failing to provide Plaintiff with access to the long-term disability benefits program.  See 29 U.S.C. § 1132(a)(1)–(2).  Plaintiff also brings a claim under ERISA's "catch-all" provision, id. § 1132(a)(3), contending that Defendant wrongfully terminated her to interfere with her right to benefits.  Defendant argues that Plaintiff cannot bring an ERISA claim in the first instance because she failed to exhaust administrative remedies.

The Eleventh Circuit Court of Appeals has "repeatedly held that plaintiffs must exhaust their administrative remedies under a covered benefits plan prior to bringing an ERISA claim in federal court."  Variety Child.'s Hosp., Inc. v. Century Med. Health Plan, Inc., 57 F.3d 1040, 1042 (11th Cir. 1995).  The requirement of exhausting administrative remedies "exists because a strong policy favoring exhaustion underlies the statutory scheme" of ERISA.  Med. Ctr.-W., Inc. v. Cluett, Peabody & Co., 814 F. Supp. 1109, 1110 (N.D. Ga. 1993).  Specifically, adherence to an administrative claims procedure

> reduce[s] the number of frivolous lawsuits under ERISA, minimize[s] the cost of dispute resolution, enhance[s] the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decisionmaking process, and allow[s] prior fully considered actions by pension plan trustees to assist courts if the dispute is eventually litigated.

7

Mason v. Cont'l Grp., Inc., 763 F.2d 1219, 1227 (11th Cir. 1985).  The requirement of exhausting administrative remedies is "strictly enforced."  Hall v. United of Omaha Life Ins. Co., 741 F. Supp. 2d 1348, 1353 (N.D. Ga. 2010).

In the Amended Complaint, Plaintiff merely alleges that "[t]o the extent legally necessary, [she] has exhausted all administrative remedies." [Doc. 10, p. 8].  Without supporting facts, this statement is a conclusory allegation that the Court need not accept as true for the purposes of a motion to dismiss.  Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth.").  Moreover, a plaintiff fails to allege exhaustion where she "neither plead[s] nor recite[s] facts showing that [she] had exhausted . . . administrative remedies under the plan." Variety Child.'s, 57 F.3d at 1042.  In this case, Plaintiff neither pled nor recited facts showing the exhaustion of administrative remedies.  She did not allege that she first pursued relief under the claims procedure terms of the long-term disability benefits plan.  See Byrd v. MacPapers, Inc., 961 F.2d 157, 160–61 (11th Cir. 1992) (upholding the dismissal of a claim for failure to exhaust where the plaintiff "did not allege anything about whether she pursued any available relief under the claims procedures terms of [the defendant's] employee benefits plan").  In fact, it does not appear that Plaintiff even applied for long-term disability benefits before bringing

8

this lawsuit.  See [Doc. 13, p. 3 n.2].  In this posture, Plaintiff failed to show the exhaustion of administrative remedies with respect to her ERISA claims.[6]

Nonetheless, Plaintiff contends that she alleged sufficient facts to state a claim to relief.  She argues that Defendant's failure to alert Metropolitan Life of her claim was "non action" that constituted "a breach of fiduciary duty under binding Eleventh Circuit precedent."[7]  [Doc. 17, p. 10].  To support this contention, Plaintiff relies on Hamilton v. Allen-Bradley Co., 244 F.3d 819 (11th Cir. 2001).  That case, however, bears important distinctions from the matter before the Court.  In Hamilton, the plaintiff asked her employer's human resources department several times about whether she qualified for long-term disability benefits.  Id. at 822.  A human resources representative informed the plaintiff that she was not qualified and refused to give her a claim form.  Id.  Eventually, human resources

---

[6] Although "district courts have discretion to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate," Plaintiff did not allege that the administrative process was either futile or inadequate in this case. Counts v. Am. Gen. Life & Accident Ins. Co., 111 F.3d 105, 108 (11th Cir. 1997). Accordingly, the Court declines to excuse the exhaustion requirement.

[7] Claims like this one—i.e., premised on a statutory ERISA violation rather than the denial of benefits—are still subject to the exhaustion requirement.  The Eleventh Circuit has affirmed that a plaintiff must exhaust administrative remedies whether she is contesting the denial of benefits or seeking to enforce a statutory right under ERISA. Springer v. Wal-Mart Assocs.' Grp. Health Plan, 908 F.2d 897, 899 (11th Cir. 1990).  In Bickley v. Caremark RX, Inc., for example, the court held that a plaintiff was required to exhaust administrative remedies before bringing a statutory claim for breach of fiduciary duty even where the plan's administrative scheme appeared to relate only to the denial of benefits.  461 F.3d 1325, 1329 (11th Cir. 2006).

provided the plaintiff with an application; however, the carrier rejected the claim as untimely.  Id. at 823.  The plaintiff sued, arguing that her employer breached its fiduciary duty under ERISA "by failing to provide her with the necessary information needed to file her disability claim."  Id.  The Eleventh Circuit concluded that the employer had a fiduciary duty "that obligated it, at the very least, to forward [the plaintiff's] requested claim to [the carrier]."  Id. at 826.

According to Plaintiff, this is a like case because "Defendant failed to provide access to the [long-term] disability process and . . . did not notify [Metropolitan Life] of [Plaintiff's] claim."  [Doc. 17, p. 12].  But unlike the plaintiff in Hamilton, Plaintiff here had not applied for—let alone been denied—long-term disability benefits when she brought this action.  It appears that Plaintiff has since applied for long-term disability benefits and is awaiting a decision on her application, see [Doc. 17, p. 4], but she must first proceed through that process and properly exhaust her administrative remedies before bringing suit.  Moreover, Plaintiff herself acknowledges that her position is speculative:  "While [Metropolitan Life] has not yet made a decision in this matter, [it] *may* have a valid defense that [Plaintiff's] application/claim for benefits is untimely."  Id. (emphasis added).  A plaintiff must, however, "allege sufficient facts 'to raise a right to relief above the speculative level.'"  Burnett v. City of Jacksonville, 376 F. App'x 905,

906 (11th Cir. 2010) (quoting Twombly, 550 U.S. at 555).  Metropolitan Life might deny Plaintiff's application for long-term disability benefits—but it may award benefits to Plaintiff instead.  Without having first exhausted her administrative remedies, Plaintiff's allegations do not surpass the speculative level.

Plaintiff also argues that Defendant, an ERISA fiduciary, failed to follow "specific procedures" and that as a result, administrative remedies should be deemed exhausted pursuant to ERISA regulations.  [Doc. 17, p. 9]; see also 29 C.F.R. § 2560.503-1(l)(1) ("[I]n the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan . . . .").  Here, too, Plaintiff's contentions are without merit.  She argues, for example, that "Defendant never issued any actual denial letters regarding [her] claims for [long-term] disability benefits," "never made a decision that she was not disabled" and "never explained how she could appeal."  [Doc. 17, p. 10].  Yet Plaintiff did not apply for long-term disability benefits before bringing this lawsuit, and an application is a necessary antecedent to issuing a denial letter, deciding whether a claimant is disabled and explaining appeal rights.

Plaintiff also alleges that Defendant "never provided her with the applications nor explained in a manner calculated to be understood by the

11

claimant[] the specific reasons why it would not allow her to apply for long term disability." Id.  Assuming these statements are true, they do not provide grounds for deeming administrative remedies to be exhausted in this case.  First, Plaintiff has now applied for benefits.  Second, ERISA does not require employers to provide employees with claim forms.  Hamilton, 244 F.3d at 827.  And finally, the Eleventh Circuit has rejected the argument that a claimant is deemed to have exhausted administrative remedies where an employer fails to comply with ERISA's technical regulations.  Perrino v. S. Bell. Tel. & Tel. Co., 209 F.3d 1309, 1317 (11th Cir. 2000).  On the facts set forth by Plaintiff, the Court cannot conclude that administrative remedies should be deemed exhausted.  For this reason and the others presented above, the ERISA claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

## C.     State-Law Claim

Given the dismissal of the federal claims in this case, the Court must decide whether to exercise supplemental jurisdiction over the remaining state-law claim for breach of contract.  Under 28 U.S.C. § 1367(c)(3), this Court may decline to exercise supplemental jurisdiction if all claims over which the Court has original jurisdiction have been dismissed.  The Court dismissed without prejudice Plaintiff's ERISA claims, the sole grounds for which this Court held original

jurisdiction. As such, the Court declines to exercise supplemental jurisdiction over Plaintiff's claim for breach of contract under Georgia law. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well."). Plaintiff's state-law claims are thus **DISMISSED WITHOUT PREJUDICE**.[8]

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [Doc. 13] is **GRANTED**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 7th day of July, 2022.

J. P. BOULEE
United States District Judge

---

[8] "When a court decides not to exercise supplemental jurisdiction under § 1367(c)(3) because only state claims remain, the proper action is a dismissal without prejudice so that the complaining party may pursue the claim in state court." Ingram v. Sch. Bd. of Mia.-Dade Cnty., 167 F. App'x 107, 109 (11th Cir. 2006).